Shandor S. Badaruddin
SHANDOR S. BADARUDDIN, PC
736 South Third Street West
Missoula, Montana 59801-2514
Telephone:  (406) 728-6868
Facsimile:  (406) 728-7722
Email:       shandor@shandorlaw.com
              tricia@shandorlaw.com

*Attorney for Petitioner Wood*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| DANIELLE JEANETTE WOOD, | CASE NO: 9:25-cv-201-BMM |
| Petitioner, | |
| v. | **BRIEF IN SUPPORT OF** |
| AUSTIN KNUDSEN, Attorney General for the State of Montana, JANIA HATFIELD, Sanders County Attorney, and SHAWN FIELDERS, Sheriff of Sanders County, | **PETITIONER WOOD'S MOTION TO APPEAL IN FORMA PAUPERIS** |
| Respondents. | |

COMES NOW the Petitioner, Danielle Jeanette Wood, by and through her undersigned attorney, pursuant to L.R. 7.1(d)(1)(A), and files this Brief in Support of Motion to Proceed *In Forma Pauperis*.

1

I.      **Facts In Support of Motion.**

a.  Fed.R.App.P. 24(a)(1) provides in relevant part:

…a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

b.  Petitioner Wood's Affidavit (Form 4) setting forth such matters is attached as Exhibit 1.

c.  28 U.S.C. § 1746 provides in relevant part:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person…

    i.  Petitioner's Counsel, Shandor S. Badaruddin, attaches his Declaration, made pursuant to 28 U.S.C. § 1746 providing the matters described in Fed.R.App.P. 24(a)(1)(A), as Exhibit 2.

d.  The Declaration and Form 4, read together, establish the following:

    i.  Seven years ago, on March 20, 2019, Petitioner Wood was found to be indigent, as that term is defined by Sections 47-1-103(3)

2

and 47-1-111(3), MCA, and the Montana Twentieth District Court appointed an attorney from the Montana Office of the State Public Defender (OPD) to represent her. *See* ROA 8 (Exhibit B to the Declaration).

ii.   Petitioner Wood has been detained and in custody at all times since her arrest seven years ago. She has been represented by an attorney from the OPD at all relevant times since their appointment in 2019 and is still represented by the OPD.

iii.  Petitioner's 2241 Counsel is representing Petitioner *pro bono* and has not charged a fee for his services nor has he been paid any fees for his services. *See* Exhibit 2, ¶ 2. Petitioner's counsel has not received or been promised any goods or services in exchange for his services. *See* Exhibit 2, ¶3.

iv.   As a result of her detention these past seven years, Petitioner Wood has not received any money income from employment, rentals, interest and dividends, gifts, alimony, child support, retirement accounts, disability payments, unemployment benefits, welfare or public assistance, or other income.

v.    For the past seven years or more, Petitioner Wood has been unemployed.

vi.    Petitioner Wood does not have a spouse, (she is divorced).

vii.    Petitioner Wood does not have any cash in any bank accounts and does not have a bank account in which to put any cash.

viii.    Petitioner Wood has no home or real estate and does not own an automobile and does not possess any assets.

ix.    Petitioner Wood does not know of any person or entity which owes her money, and if such a person does exist, they are not going to pay her any money on any debt owed.

x.    Petitioner Wood has no expenses such as rent, or utilities, groceries, insurance, medical and dental expenses, and the like.

xi.    Petitioner Wood is in the custody of the Sanders County Sheriff, at the Sanders County Jail in Thompson Falls, Montana. As such she relies upon the Sanders County Sheriff and jail staff for her support.

xii.    Petitioner Wood does not anticipate any changes in her income and expenses in the next twelve months. If she were released, she would find employment, earn an income, and incur expenses. Petitioner's likelihood of release is unknown.

xiii.   Petitioner has not spent, and will not be spending, any money for expenses or attorneys' fees in connection with the instant litigation. *See* Declaration, Exhibit 2, ¶ 3.

e.  Petitioner also attaches a copy of her trust fund account statement, or institutional equivalent, for a period of at least one (1) year immediately preceding this Motion, as Exhibit 3.

f.  Petitioner claims entitlement to redress as set forth in her Petition at Doc. 1, and her claims are summarized in her Memorandum in Support of Same at Doc. 1-32, and are more succinctly summarized by the District Court in its Order at Doc. 6, Section II, pages 8-9.

g.  Petitioner's anticipated appeal is pursued in good faith. *See* Order at Doc. 6, Section VI, pages 24-25, granting Certificate of Appealability.

## II.    Argument In Support of Motion.

Fed.R.App.P. 24(a)(1) permits this Court to authorize and order Petitioner be allowed to appeal *in forma pauperis*. The exhibits attached to this brief, including Petitioner's Affidavit (a completed Form 4 of the Appendix of Forms to the Appellate Rules of Procedure) and the facts of this case demonstrate Wood's inability to pay or give security for fees and costs. Movant's Petition at Doc. 1 and her Memorandum in Support of same at Doc. 1-32, demonstrate she has made a claim of entitlement to redress.

5

Petitioner Wood intends to raise the following issue on appeal: the Double Jeopardy clause of the Fifth Amendment to the United States Constitution prohibits her retrial on the Information filed in *State of Montana v. Danielle J. Wood,* Twentieth Judicial District Court, Sanders County, State of Montana Case No. DC-19-07.

28 U.S.C. § 1915(a)(1) permits incarcerated persons to prosecute or defend a case in a court of the United States, including an appeal, without prepayment of fees if such person submits an affidavit that includes a statement of all assets the prisoner possesses. The required affidavit  is attached as Exhibit 1 and her Counsel's Declaration at Exhibit 2, provides additional support.

28 U.S.C. § 1915(a)(2) requires a trust fund account statement from the Sanders County Jail. Such statement is attached as Exhibit 3.

28 U.S.C. § 1915(b) requires the Court order Petitioner Wood to pay any fees not collected, by ordering Respondent Fielders to forward payments from Petitioner Wood's account in the amount of the greater of twenty percent of the average monthly deposits to Petitioner Wood's account or twenty percent of the average monthly balance in Petitioner Wood's account for the 6 month period preceding the filing of the notice of appeal.

The only cost or fee anticipated in this case is the cost of filing a Notice of Appeal. Petitioner submits her statement of assets, or rather, the lack thereof, as well

6

as her trust fund account statement indicates she is without sufficient funds to prosecute an appeal. Petitioner Wood's counsel submits a Declaration affirming he is representing Petitioner *pro bono* and without payment of a fee, and that neither Petitioner, nor her family or friends, has paid counsel any money.

## III.    Conclusion.

For the reasons set forth above, Petitioner Wood requests that this Motion be granted and the Court allow her to proceed on Appeal *in forma pauperis*.

Respectfully submitted this 9th day of July, 2026.

/s/ Shandor S. Badaruddin

Shandor S. Badaruddin

SHANDOR S. BADARUDDIN, PC
736 South Third Street West
Missoula, Montana 59801
Telephone:  406-728-6868
Facsimile:  406-728-7722
Email:        shandor@shandorlaw.com
                  tricia@shandorlaw.com

*Attorney for Petitioner Wood*

7

## STATEMENT RE: CERTIFICATE OF COMPLIANCE

L.R. 7.1(d)(2)(E) provides a certificate of compliance with Rule 7.1 is required with regard to the number or words in the brief in support of a written request that the court take a particular action.

L.R. 7.1(a) provides pleadings in proceedings under 28 U.S.C. § 2241 are outside the scope of L.R. 7.1 and 7.2.

No other Local Rule or Standing Order governs the length or number of words in a motion or brief filed in a 2241 proceeding or requires a certificate of compliance with same.

Nevertheless, counsel certifies that this brief contains 1246 words or less which is consistent with the limits imposed by L.R. 7.1(d)(2).

Dated the 9th day of July, 2026.

/s/ Shandor S. Badaruddin

_____
Shandor S. Badaruddin

SHANDOR S. BADARUDDIN, PC
736 South Third Street West
Missoula, Montana 59801
Telephone:   406-728-6868
Facsimile:   406-728-7722
Email:        shandor@shandorlaw.com
                 tricia@shandorlaw.com

*Attorney for Petitioner Wood*

8